1  Ryan L. Eddings, Bar No. 256519
   reddings@littler.com
2  Willie J. Mincey, Bar No. 314754
   wmincey@littler.com
3  LITTLER MENDELSON, P.C.
   5200 North Palm Avenue
4  Suite 302
   Fresno, California  93704.2225
5  Telephone:    559.244.7500
   Fax No.:       559.244.7525
6
7  Attorneys for Defendant
   BETTER HOLDCO, INC., erroneously sued herein as
8  BETTER MORTGAGE CORPORATION

9                  UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11

12  EDDIE ROOSEVELT CALLAHAN,              Case No.

13              Plaintiff,                 **DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

14         v.

15  BETTER MORTGAGE CORPORATION,
    RICH DUFF, and DOES 1 through 50,
16
              Defendants.
17

18

19        **TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF EDDIE**

20  **ROOSEVELT CALLAHAN, AND HIS ATTORNEYS OF RECORD:**

21              **PLEASE TAKE NOTICE** that Defendant BETTER HOLDCO, INC., erroneously

22  sued herein as BETTER MORTGAGE CORPORATION ("Defendant"), by and through the

23  undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of

24  removal of this lawsuit from the Superior Court of the State of California, Count of Alameda, to the

25  United States District Court for the Northern District of California ("Notice of Removal"). In support

26  of this Notice of Removal. Defendant respectfully submits to this Honorable Court the following

27  information:

28  / / /

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

I.   **STATEMENT OF JURISDICTION**

1.   Removal is appropriate pursuant to 28 U.S.C. §§ 1332 and 1441 because this is a civil action in which Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and cost. 28 U.S.C. §1441(b). As set forth below, Plaintiff establishes that he is a Citizen of California while the Defendant is a citizen of Delaware and New York. While Plaintiff included Defendant RICH DUFF ("Mr. Duff") as a Defendant in this action, Mr. Duff has not been served, has not appeared in this litigation, and is a sham defendant, fraudulently joined for the sole purpose of destroying diversity. As such, Mr. Duff should be disregarded for purposes of determining whether removal is appropriate. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). Moreover, the amount in controversy exceeds $75,000 based on the facts and prayer for relief pleaded in Plaintiff's Complaint.

II.   **STATE COURT ACTION**

2.   On or about April 11, 2023, Plaintiff filed this action in the Alameda County Superior Court, titled *Eddie Roosevelt Callahan vs. Better Mortgage Corporation, Rich Duff, and DOES 1 through 50,* Case Number 23CV030974, a true and correct copy of which is attached hereto as Exhibit B. The Complaint was served on Defendant on April 14, 2023. See concurrently filed Declaration of Willie J. Mincey ("Mincey Decl."), at ¶ 2.

3.   Plaintiffs Complaint purports to assert nine causes of action against Defendant for: (i) discrimination: based on race; (ii) failure to prevent discrimination, harassment, or retaliation; (iii) hostile work environment harassment; (iv) breach of contract; (v) breach of implied covenant of good faither & fair dealing; (vi) retaliation; (vii) intentional infliction of emotional distress; (viii) wrongful termination; and (ix) unfair business practices.

4.   Defendant files a General Denial and Affirmative Defenses to Plaintiff's Complaint on or about May 12, 2023. A true and correct copy of the General Denial and Affirmative Defenses to Plaintiff's Complaint is attached hereto as Exhibit C.

III.   **TIMELINESS OF NOTICE OF REMOVAL**

5.   An action may be removed from state court by filing a notice of removal, together with a copy of all process, pleadings, and orders served on the defendant, within 30 days of

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

2

DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION FROM STATE COURT

defendant receiving an "initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). Here, Plaintiff served the Complaint on April 14, 2023. Mincey Decl., at ¶ 2. Therefore, Defendant can remove this action up to May 15, 2023. See FED. R. CIV. P. 6(a) (explaining that "the last day of the period shall be included, "but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

## IV.   VENUE

6.   Pursuant to 28 U.S.C. § 1391(a) and 28 U.S.C. § 1441, venue is proper in the United States District Court for the Northern District of California insofar as Defendants conducts business within Alameda County, California, which is where Plaintiff was employed and where the instant action was originally filed. Alameda County is in the Northern District of California.

## V.   NOTICE TO PLAINTIFF

7.   As required by 28. U.S.C. § 1446(d), Defendant provided written notice of the filing of this Notice of Removal to Plaintiff, attached hereto as Exhibit D.

## VI.   NOTICE TO THE SUPERIOR COURT

8.   Defendant also filed their Notice of Removal with the Clerk of the Alameda County Superior Court, attached hereto as Exhibit E.

## VII.   FACTS AND LAW SUPPORTING DIVERSITY JURISDICTION

9.   The diversity of citizenship statute, 28 U.S.C.§ 1332(a), provides in relevant part: The district courts shall have original jurisdiction of all civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and it between citizens of different States.

10.   This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant 28 U.S.C. § 1332(a). Pursuant to 28 U.S.C. §1441(a), the State Court Action may be removed to this Court by Defendant because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

### A.   Citizenship of Parties

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

3

DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION FROM STATE COURT

1          **1.      Plaintiff is a Citizen of California**

2          11.     Plaintiff alleges in his Complaint that he is a resident of the State of California.

3  *See* Mincey Decl., ¶3, Exh. B, ¶ 1. Defendant is informed and believes that Plaintiff is domiciled and

4  resides in the State of California. See Exh. B, ¶ 1 ("Plaintiff, EDDIE ROOSVELT CALLAHAN is

5  and at all times mentioned herein was a resident of Alameda County, State of California, head of

6  defendant BETTER MORTGAGE CORPORATION'S Oakland Office.") *See* <u>District of Columbia</u>

7  <u>v.Murphy</u>, 314 U.S. 441, 455 (1941) ("place where a man lives is properly taken tobe his domicile

8  until the facts adduced establish the contrary"); For diversity purposes, a person is a citizen of a state

9  in which he or she is domiciled. *See* <u>Kanterv.Warner-Lambert, Co.</u>, 265 F.3d 853, 858 (9th Cir. 2001).

10         **2.      Defendant is Not a Citizen of California**

11         12.     For diversity jurisdiction purposes, a corporation is deemed a citizen of its state

12  of incorporation and/or the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

13  As clarified by the United States Supreme Court in <u>Hertz Corp., v. Friend</u>, 559 U.S. 77 (2010): the

14  phrase 'principal place of business' [in Section 1332(c)(1)] refers to the place where the corporation's

15  high-level officers direct, control, and coordinate the corporation's activities. Lower federal courts

16  have metaphorically called that place the corporation's 'nerve center.' We believe that the 'nerve

17  center' will typically be found at the corporation's headquarters. *Id*. at 80-81; *see also* <u>Breitman v.</u>

18  <u>May Co. California</u>, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is citizen of state in which its

19  corporate headquarters are located and where its executive and administrative functions are

20  performed).

21         13.     Defendant is a diverse citizen of a foreign jurisdiction (Delaware and New

22  York). Defendant is a corporation organized under the laws of the State of Delaware with its principal

23  place of business in New York. *See* Declaration of Malcolm Levy Leatherman in Support of

24  Defendant's Notice of Removal of Civil Action to Federal Court ("Leatherman Decl."), ¶ 2.

25  Defendant's executive and administrative functions are housed within its headquarters in New York.

26  *Id.* Thus, Defendant is a citizen of Delaware and New York.  Defendant is not a citizen of California.

27  / / /

28         **2.      Mr. Duff is a Fraudulent Defendant and is Not Considered for Purposes of**

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

4

DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION FROM STATE COURT

### Diversity Jurisdiction

14.     Mr. Duff is a sham defendant, named only to defeat diversity. A non-diverse party named in the state court action may be disregarded when that party's joinder is a "sham" or "fraudulent" such that no cause of action has been stated against that party. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th. Cir. 2001) (non-diverse sham defendant named in state court action may be disregarded); Farias v. Bexar County Bd. of Trustees, 925 F.2d 866, 871 (5th Cir. 1991), rehearing denied, 931 F.2d, cert. denied 502 U.S. 866; Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). In determining whether a defendant is "fraudulently" joined, courts may properly consider the allegations of the complaint and facts presented by the defendant in its notice of removal. Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998), cert. denied, 525 U.S. 963 (1998).

15.     Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity. See Morris, 236 F.3d at 1061; Triggs, 154 F.3d at 1287. It does not have to be shown that the joinder of a non-diverse defendant was for the purpose of preventing removal. Rather, the question is simply whether there is any possibility that the plaintiff will be able to establish liability against the party in question. Ritchey, 139 F.3d at 1318-19. If no cause of action can be established against a defendant, the defendant is nominal and need not be included in the removal. See Farias, 925 F.2d at 866.

16.     Plaintiff only named Mr. Duff in the third cause of action, hostile work environment. See Exh. B, ¶ 58-69. The Complaint fails to state a cause of action for hostile work environment against Mr. Duff because no facts have been alleged regarding Mr. Duff's conduct. First, the Complaint alleges that Mr. Duff engaged in "exclusion or isolation: defendants purposely excluded and isolated Callahan and other African American employees because of their race, which is also a form of harassment." Exh. B, ¶ 61. This is not a well pled fact because it does not describe what specific conduct Mr. Duff engaged in. This is rather a legal conclusion that leaves Defendant unaware of what conduct he is defending against. Second, the Complaint alleges that Mr. Duff engaged in "stereotyping: defendants purposefully stereotyped Callahan based on his race, which can be considered harassment. For example, assuming that Callahan would work without matching

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

5

DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION FROM STATE COURT

compensation because he was happy to have a job, is considered harassment." *Id.* Here, too, this is not a well pled fact, but another legal conclusion that describes no specific conduct of Mr. Duff. Again, he is not put on notice of what actions he must defend against. Last, Plaintiff alleges that that Defendant engaged in "Microaggressions: Microaggression are subtle forms of discrimination that can be difficult to identify. For example, where white colleagues repeatedly ask a black employee where they are from or compliments their English, that would be considered a microaggression and could be considered harassment." *Id.* Here is another legal conclusion that is without any facts because no specific conduct of Mr. Duff is alleged. Based on the current state of the Complaint and its lacks facts, Plaintiff cannot establish any form of liability against Mr. Duff.

### 3. DOES 1-100 Cannot Destroy Diversity of Citizenship

17.     Plaintiff's Complaint also names as Defendants "Does 1-100." *See* Exh. B, ¶ 4. Pursuant to 28 U.S.C. § 1441(b), the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. Newcombe v. Adolf Coors Co., 157 F.3d 686, 690 (9th Cir. 1998); See Salveson v. Western States Bankcard Assoc., 731 F.2d 1423, 1429 (9th Cir. 1984), *superseded by statute on other grounds*, 28 U.S.C. § 1441(e) ("Our circuit rule is that a party not served need not be joined; the defendants summoned can remove by themselves."). Thus, DOES 1-100 do not destroy diversity in this matter.

### B. Amount In Controversy

18.     Where the Complaint leaves the amount in controversy unclear or ambiguous, the defendant has the burden of proving by a preponderance of evidence that the amount in controversy exceeds $75,000.  *See* Singer v. State Farm Mutual Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997). This framework requires the removing defendant to establish that the plaintiff's total damages "more likely than not" exceed the jurisdictional amount.  Sanchez v. Monumental Life Ins. Co., 102 F.3d 399 (9th Cir. 1996).  In measuring the amount in controversy, the Court must assume that the allegations of the Complaint are true and that a jury will return a verdict in favor of Plaintiff on all claims asserted in the Complaint.  Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F.Supp.2d 1001 (C.D. Cal. 2002).  Economic damages, non-economic damages, general damages, attorneys' fees and

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

6

DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION FROM STATE COURT

1   costs, and punitive damages all are included in determining the amount in controversy.  *See* <u>Galt G/S</u>

2   <u>v. JSS Scandinavia</u>, 142 F.3d 1150, 1155-1156 (9th Cir. 1998) (prayer for attorneys' fees included in

3   determining the amount in controversy where potentially recoverable by statute); <u>Gonzales v. CarMax</u>

4   <u>Auto Superstores, LLC</u>, 840 F.3d 644, 648 (9th Cir. 2016) (stating that compensatory and punitive

5   damages are included in determining the amount in controversy).

6          19.    Here, Defendant reasonably and in good faith believes that the amount in

7   controversy exceeds the jurisdictional requirement of 28 U.S.C. § 1332(a). Should Plaintiff prevail on

8   his claims for wrongful termination in violation public policy, Plaintiff could be entitled to recover the

9   amount he would have earned up to the present date, including benefits or pay increases.  *See* <u>Wise v.</u>

10  <u>Southern Pac. Co.</u>, 1 Cal.3d 600, 607 (1970). Plaintiff alleges that he was employed by Defendant

11  from to February 16, 2021, until December 1, 2021. Plaintiff alleges that he was "terminated because

12  he was a black man who spoke up for himself, his coworkers, and the people he managed." Exh. B at

13  ¶ 117. Plaintiff's last rate of pay was $215,000 per year, which is approximately $4,134.62 per week.

14  Leatherman Decl., ¶ 3. Plaintiff seeks compensatory damages including past, present and prospective

15  lost wages, employment benefits and medical expenses. Exh. B at ¶ 40, 51.  As of the date of this

16  Notice of Removal, it has been approximately 74 weeks since the Plaintiff's last paycheck with

17  Defendant. Given Plaintiff's rate of pay. Plaintiff alleges to have suffered at least $305,961.88 in

18  damages in the form of lost income as of the date of this filing ($4,134.62 x 74 weeks), with the

19  damages continuing through trial at a rate of $4,134.62 per week.

20         20.    Plaintiff also seeks damages for mental and emotional distress. *See* Exh. B at ¶

21  40, 51.  Plaintiff's claims for mental and emotional distress damages augment the foregoing amounts

22  and demonstrates that the jurisdictional prerequisites for removal of this action are met.  *See* <u>Luckett</u>

23  <u>v. Delta Airlines, Inc.</u>, 171 F.3d 295, 298 (5th Cir. 1999) (claims for pain, suffering and humiliation

24  properly may be factored into the jurisdictional analysis for purposes of removal).   Although

25  Defendant disputes that Plaintiff is entitled to any damages award, plaintiffs in employment cases have

26  been awarded substantial sums for emotional distress. *See, e.g.,* <u>Swinton v. Potomac Corp.</u>, 270 F.3d

27  794 (9th Cir. 2001), *cert. denied*, 535 U.S. 1018 (2002) (award of $30,000); <u>Dotson v. United States</u>,

28  87 F.3d 682 (5th Cir. 1996) (award of $25,000).  In <u>Kroske v. U.S. Bank Corp.</u>, 432 F.3d 976 (9th Cir.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

7                    DEFENDANT'S NOTICE OF REMOVAL OF
                    CIVIL ACTION FROM STATE COURT

2005), *cert denied*, 127 S.Ct. 157 (2006), the Ninth Circuit upheld the lower court's finding that the amount in controversy had been established.  In reaching its holding, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees."  Id. at 980.  A similar inference is appropriate here, as Plaintiff expressly seeks damages for intentional infliction of emotional distress, including mental and physical pain from Defendant's alleged retaliation.  Thus, based on Kroske and other analogous cases, the emotional distress component of Plaintiff's claims is likely to add at least $25,000 to the amount in controversy, if not more.  The foregoing, when taken together with Plaintiff's claims for lost wages, punitive damages and attorney's fees, establishes that the plaintiff's total damages demand more likely than not exceeds the jurisdictional amount of $75,000.

21.     Additionally, Plaintiff seeks an award of attorneys' fees in connection with his claims for violation of various provisions of the Labor Code.  Ex. B at ¶ 23.  Attorney's fees are also included in the amount in controversy calculation when the underlying claims permit recovery of attorneys' fees.  Galt G/S, 142 F.3d at 1156.  While Plaintiff's attorneys' fees cannot be calculated precisely, it is reasonable to assume that they could exceed a damages award.  Simmons v. PCR Technology, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (holding that where attorneys' fees are "recoverable by statute," fees reasonably anticipated over the life of the litigation are included in the amount in controversy analysis); Fritsch v. Swift Transportation Company of Arizona, LLC, 2018 WL 3748667, at *2 (9th Cir. 2018) (in deciding amount in controversy issue, court may estimate the amount of reasonable attorneys' fees like to be recovered by plaintiff if she were to prevail).  Moreover, past cases indicate that the award of attorneys' fees alone could reach or exceed the jurisdictional amount of $75,000.  *See* Mitchell v. GigOptix, LLC, H036131, at *30 (Cal. Ct. App. Nov. 29, 2011) (noting the trial court's attorneys fee award of $45,017.15, representing one-fourth of the total fees, for just the claims of unpaid wages, unpaid vacation, and unpaid meal breaks).

22.     The amount in controversy also includes punitive damages, since Plaintiff includes such exemplary damages in his prayer for relief.  *See* Anthony, 75 F.3d at 315; St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253-1254 (5th Cir. 1998).  With respect to

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

8

DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION FROM STATE COURT

punitive damages, California law does not impose a specific monetary limit on the amount that may be awarded under Civil Code section 3294.  Boyle v. Lorimar Productions, Inc., 13 F.3d 1357 (9th Cir. 1994).  Although Defendant vigorously denies that Plaintiff is entitled to any damages (much less punitive damages), if Plaintiff were to prevail, the punitive damages alone could exceed the jurisdictional minimum.

23.     While Defendant's position is that Plaintiff is not entitled to damages in any amount, the total amount in controversy appears to be, at a minimum, over $75,000 as of the date of this Notice of Removal.  This sum is reflective of a potential amount in controversy of $331,458.33 in lost income, $25,000 in emotional distress damages, and a possible award of punitive damages as well as additional compensation continuing wages.  Plaintiff's request for attorney's fees and the addition of any prejudgment and post-judgment interest make it more likely than not that the total amount in controversy exceeds the jurisdictional amount of $75,000.  Consequently, the requirements of 28 U.S.C. § 1332(a) have been met in that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and because this is a civil action between citizens of different states.

24.     Although not required because Mr. Duff has not yet been served with process, Mr. Duff consents to removal.  Mincey Decl., ¶ 6.

25.     WHEREFORE, pursuant to 28. U.S.C. §1332, 1441, and 1446, Defendant removes this case from Superior Court of the State of California, County of Alameda, to United State Court for the Northern District of California.

Dated: May 15, 2023

LITTLER MENDELSON, P.C.


Ryan L. Eddings
Willie J. Mincey

Attorneys for Defendant
BETTER HOLDCO, INC., erroneously sued
herein as BETTER MORTGAGE
CORPORATION

4866-0653-5779.1 / -

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

9

DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION FROM STATE COURT

# EXHIBIT A

View Worker: Roosevelt Callahan (Terminated)



Director, Workplace

| | |
|---|---|
| **Email Address** | roocallahan@better.com |
| **Location** | Oakland Office |
| | Richard Duff |
| | Manager |
| **Company** | Better HoldCo, Inc. |

## Compensation

### Compensation

Totals

| Total Salary & Allowances | Total Base Pay | Currency | Frequency |
|---|---|---|---|
| 215,000.00 | 215,000.00 USD | | Annual |

Compensation

| | |
|---|---|
| **Compensation Package** | General Compensation Package |
| **Grade** | Director I, Workplace Operations |
| **Total Base Pay Range** | 172,000.00 - 258,000.00 USD Annual |
| **Company** | Better HoldCo, Inc. |

Plan Assignments

| Effective Date | Plan Type | Compensation Plan | Assignment |
|---|---|---|---|
| 10/01/2021 | Salary | Salary Plan | 215,000.00 USD Annual |
| 02/16/2021 | Merit | Merit Plan (US) | 5.00% Annual |
| 02/16/2021 | Bonus | Bonus Plan (US) | 15% Annual |

# EXHIBIT B

Tiega-Noel Varlack, Esq. (SBN 248203)
**VARLACK LEGAL SERVICES**
Gatehouse Plaza
1290 B Street, Suite 208
Hayward, CA 94541
Telephone: (510)-397-2008
Facsimile: (510)-397-2997
E-mail: tiega@varlacklegal.com

Attorney for Plaintiff,
EDDIE ROOSEVELT CALLAHAN

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**04/11/2023 at 04:51:57 PM**
By: Darmekia Oliver,
Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| EDDIE ROOSEVELT CALLAHAN, | Case No.: 23CV030974 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | 1. **Discrimination: Based on Race** |
| | 2. **Failure To Prevent Discrimination, Harassment or Retaliation** |
| | 3. **Hostile Work Environment Harassment** |
| | 4. **Breach of Contract** |
| BETTER MORTGAGE | 5. **Breach of Implied Covenant of Good Faith & Fair Dealing** |
| CORPORATION, RICH DUFF, and DOES 1 through 50, | 6. **Retaliation** |
| | 7. **Intentional Infliction of Emotional Distress** |
| Defendants. | 8. **Wrongful Termination** |
| | 9. **Unfair Business Practices** |
| | **JURY TRIAL DEMANDED** |

EDDIE ROOSEVELT CALLAHAN ("Plaintiff"), an individual, by and through his undersigned attorney brings this action against Defendants, BETTER MORTGAGE CORPORATION and RICH DUFF ("Defendants") for:

1. **Discrimination: Based on Race**
2. **Failure To Prevent Discrimination, Harassment or Retaliation**
3. **Hostile Work Environment Harassment**
4. **Breach of Contract**

5. **Breach of Implied Covenant of Good Faith & Fair Dealing**
6. **Retaliation**
7. **Intentional Infliction of Emotional Distress**
8. **Wrongful Termination**
9. **Unfair Business Practices**

Plaintiff complains and alleges as follows:

## I. THE PARTIES

1. Plaintiff, EDDIE ROOSEVELT CALLAHAN is and at all times mentioned herein was a resident of Alameda County, State of California, head of defendant BETTER MORTGAGE CORPORATION's Oakland Office.

2. Defendant BETTER MORTGAGE CORPORATION is an online mortgage lender, NMLS #330511, with headquarters at 3 World Trade Center, 175 Greenwich Street, 57th Floor, New York, NY 10007.

3. Defendant, RICH DUFF, is the Senior Director, Global Real Estate and Workplace, at Better Mortgage Corporation and acted as Plaintiff's immediate supervisor at all relevant times herein.

4. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sues them by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of said Defendants when the same has been ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the acts complained of herein. Unless otherwise stated, all references to named Defendants shall include the Doe Defendants, as well.

## II. JURISDICTION AND VENUE

5. Jurisdiction and venue as to Defendants is proper in this judicial district, pursuant to Code of Civil Procedure section 395(a). Defendant resides in Alameda County and is otherwise within this Court's jurisdiction for purposes of service of process.

6. This Court has jurisdiction over Plaintiff's claim pursuant to California Government Code Section 12965. Venue is proper in this Court because, pursuant to Section 12965, the unlawful practices are alleged to have taken place in Alameda County, California.

## III. FACTUAL ALLEGATIONS

### Civil Conspiracy

7. Mr. Callahan is an African American man, who is over the age of forty.

8. Mr. Callahan was hired on February 16, 2021, as a Head Director for the Oakland Office of Defendants facility.

9. Mr. Callahan's supervisor was Richard Duff, Head of Real Estate, and Workplace.

10. From his date of hire until today, Mr. Callahan did not have any trouble performing his duties and responsibilities as an Employee.

11. On or about July 2021, Defendant made an offer to Mr. Callahan for a new position that entailed a significant increase in the amount of responsibility.

12. Mr. Callahan inquired about the compensation that would come with the new position.

13. Defendants BETTER and DUFF were hostile and told Mr. Callahan that he would be terminated if Mr. Callahan did not accept the new position without additional compensation.

14. Mr. Callahan was aware that other employees of different races were not treated with the same hostility as he was.

15. Defendants went out of their way to harass Callahan, by engaging in the following conduct:

(a) Exclusion or isolation: defendants purposefully excluded and isolated Callahan and the other African American employees because of their race, which is also a form of harassment.

(b) Stereotyping: defendants purposefully stereotyped Callahan based on his race, which can be considered harassment. For example, assuming that Callahan would work without matching compensation because he was happy to have a job, is considered harassment.

(c) Microaggressions: Microaggressions are subtle forms of discrimination that can be difficult to identify. For example, where white colleagues repeatedly ask a black employee where they are from or compliments their English, that would be considered a microaggression and could be considered harassment.

16. Mr. Callahan asserts that younger and less-experienced employees received preferential treatment from their supervisors despite being much less senior in terms of age and tenure.

17. Mr. Callahan also claims that the defendant targeted and treated him unfairly.

18. Mr. Callahan alleges he was subjected to unfair pressure from his supervisors.

19. On or about July 2021, Mr. Callahan was informed by several customer service employees that their managers were mistreating them because of their race.

20. Mr. Callahan reported this conduct to the Head of the Customer Service team and Human Resources.

21. On or about December 1, 2021, Mr. Callahan was laid off as Regional Director, Northwest.

22. Mr. Callahan believes he was terminated because he was a black man who spoke up to DUFF for himself, his coworkers, and the people he managed.

23. Since then, Defendant has neglected to pay Mr. Callahan his owed severance.

24. Mr. Callahan alleges he had been subjected to discrimination based on his race (African-American) in violation of Title VII of the Civil Rights Act of 1964, as amended.

25. Mr. Callahan alleges he was the victim of retaliation in violation of the same statute.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

26. Plaintiff filed a charge of discrimination, on or before September 28, 2022 with the U.S. Equal Employment Opportunity Commission.  He obtained his right to sue letter on January 13, 2023, 2022 (Charge No: 555-2022-01411) A true and correct copy of Mr. Callahan's right-to-sue is attached hereto as Exhibit A.

27. The allegations in his pre-charge inquiry which form the basis of his right to sue, which is attached hereto, as Exhibit B, are incorporated, and adopted and reiterated herein as if fully set forth in this complaint.

## FIRST CAUSE OF ACTION
### Discrimination: Based on Race
### (Against Defendant, BETTER MORTGAGE CORPORATION)

28. Plaintiff hereby incorporates by reference the foregoing paragraphs, as though fully set forth herein.

29. Plaintiff was employed by Defendant, which is an "Employer" under the California Fair Employment and Housing Act, Cal. Gov. Code section 12926, *et seq*.

30. Plaintiff was hired as the Head of Oakland Office and was offered a new position as Regional Director, Northwest.

31. Plaintiff was able to perform all job duties of his position.

32. As alleged herein, Defendant unlawfully discriminated against Plaintiff based on his race and protected class, African American, over forty.

33. For example, Defendant was hostile and told Mr. Callahan that he would be terminated if Mr. Callahan did not accept the new position without additional compensation, because as a black man he should be happy to have a job.

34. Younger and less-experienced employees received preferential treatment from their supervisors despite being much less senior in terms of age and tenure.

35. Plaintiff claims that the defendant targeted and treated him unfairly.

36. Plaintiff alleges he was subjected to unfair pressure from his supervisors.

37. Race discrimination involves treating someone (an applicant or employee) unfavorably because he/she is of a certain race or because of personal characteristics associated with race (such as hair texture, skin color, or certain facial features). Color discrimination involves treating someone unfavorably because of skin color complexion.)

38. BETTER MORTGAGE CORPORATION terminated Plaintiff because he was a black man who spoke up for himself, his coworkers, and the people he managed.

39. Defendants' wrongful acts were in violation of the Public Policy of the State of California as put forward in the Fair Employment Housing Act, the California Constitution, and other statutes and provisions, such as Title VII of the Civil Rights Act of 1964.

40. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer extreme and severe mental anguish and emotional distress and other non-economic damages including but not limited to shock, anxiety, loss of self-esteem, and loss of self-worth, and has incurred and continues to incur medical expenses for treatment by health care professionals, and for other incidental medical expenses. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial. Plaintiff is also entitled to attorney's fees and costs pursuant to statute.

41. The conduct of Defendants' officers, directors, and managing agents in discriminating and harassing Plaintiff's employment was done intentionally, and with full knowledge of

and in conscious disregard for the harm it would cause Plaintiff. Plaintiff seeks an award of exemplary damages against Defendant in an amount sufficient to make an example of and to punish Defendant.

42. Wherefore, Plaintiff requests relief as set forth below.

**SECOND CAUSE OF ACTION**
**Failure to Prevent Discrimination, Harassment, or Retaliation**
**(Against Defendant, BETTER MORTGAGE CORPORATION)**

43. Plaintiff hereby incorporates by reference the foregoing paragraphs, as though fully set forth herein.

44. Plaintiff was employed by Defendant, which is an "employer" under the California Fair Employment and Housing Act, Cal. Gov. Code section 12926, *et seq.*

45. Plaintiff was able to perform the job duties of his position. However, Kenna Meyerhoof, Rich Duff, Alex D'Amico harassed Plaintiff because of Plaintiff's race and multiple treats to harm Plaintiff.

46. Specifically, Kenna Meyerhoof, Rich Duff,  and Alex D'Amico, went out of their way to harass Callahan, by engaging in the following conduct:

    (a) Exclusion or isolation: defendants purposefully excluded and isolated Callahan and the other African American employees because of their race, which is also a form of harassment.

    (b) Stereotyping: Defendants purposefully stereotyped Callahan based on his race, which can be considered harassment. For example, assuming that Callahan would work without matching compensation because he was happy to have a job, is considered harassment.

    (c) Microaggressions: Microaggressions are subtle forms of discrimination that can be difficult to identify. For example, where white colleagues repeatedly ask a

black employee where they are from or compliments their English, that would be considered a microaggression and could be considered harassment.

47. On or about July 2021, Defendant made an offer to Mr. Callahan for a new position that entailed a significant increase in the amount of responsibility.

48. When plaintiff asked about the compensation that would come with the new position, Defendant was hostile and told Plaintiff that he would be terminated if Plaintiff will not accept the new position without compensation.

49. The only way he can legally and lawfully defend himself against BETTER MORTGAGE CORPORATION is to bring forth a lawsuit to remedy the wrongs perpetrated against him because of BETTER MORTGAGE CORPORATION's lack of equal opportunity for people of his race, nationality and origin.

50. This was done because plaintiff is African American.

51. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer extreme and severe mental anguish and emotional distress and other non-economic damages including but not limited to shock, anxiety, loss of self-esteem, and loss of self-worth. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

52. Defendants, and each of them, did the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intent to injure Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights.

53. The acts alleged herein were known to, authorized, and ratified by Defendants. Plaintiff is therefore entitled to recover punitive damages from Defendants and each of them, in an amount according to proof at the time of trial.

54. By reason of the conduct of Defendants and each of them as alleged herein, Plaintiff has necessarily retained attorneys to prosecute the within action. Plaintiff is therefore entitled

to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action. As a result of Defendants and each of their actions, Plaintiff sustained economic damages to be proven at trial. As a further result of Defendants and each of their actions, Plaintiff suffered emotional distress, resulting in damages to be proven at trial.

55. The conduct of Defendants and of their agents and/or employees as described herein was malicious, and/or oppressive, and done with a willful and conscious disregard for Plaintiff's rights and for the deleterious consequences of Defendants' actions. Defendant and their agents and/or employees or supervisors authorized, condoned, and ratified the unlawful conduct against Plaintiff. Consequently, Plaintiff is entitled to punitive damages against Defendants.

56. In doing the acts described herein, Defendant, BETTER MORTGAGE CORPORATION, deprived plaintiff of prospective career and employment opportunities, as well as other benefits, by failing to perform its duties to administer and apply all state, and local laws, procedures, and regulations.

57. Wherefore, Plaintiff requests relief as set forth below.

**THIRD CAUSE OF ACTION**
**Hostile Work Environment Harassment**
**(Against all Defendants)**

58. Plaintiff hereby incorporates by reference the foregoing paragraphs, as though fully set forth herein.

59. Plaintiff was an employee providing services under an employment contract of BETTER MORTGAGE CORPORATION under the supervision of Richard Duff.

60. Plaintiff was subjected to unwanted harassing conduct because he held the protected status of a class.

61. Defendants went out of their way to harass Callahan, by engaging in the following conduct:

    (a) Exclusion or isolation: defendants purposefully excluded and isolated Callahan and the other African American employees because of their race, which is also a form of harassment.

    (b) Stereotyping: defendants purposefully stereotyped Callahan based on his race, which can be considered harassment. For example, assuming that Callahan would work without matching compensation because he was happy to have a job, is considered harassment.

    (c) Microaggressions: Microaggressions are subtle forms of discrimination that can be difficult to identify. For example, where white colleagues repeatedly ask a black employee where they are from or compliments their English, that would be considered a microaggression and could be considered harassment.

62. The harassing conduct was severe and/or pervasive.

63. A reasonable employee in Plaintiff's circumstances would have considered the work environment to be hostile or abusive.

64. Plaintiff considered the work environment to be hostile or abusive.

65. Plaintiff was harmed.

66. The conduct was a substantial factor in causing Plaintiff's harm.

67. Plaintiff seeks damages thereto in an amount to be proven at trial.

68. The conduct of Defendants' BETER MORTGAGE CORPORATION, Richard Duff, and of their agents and/or employees as described herein was malicious, and/or oppressive, and done with a willful and conscious disregard for Plaintiff's rights and for the deleterious consequences of Defendants' actions. Defendants and their agents and/or

employees or supervisors authorized, condoned, and ratified the unlawful conduct against

Plaintiff. Consequently, Plaintiff is entitled to punitive damages against Defendants.

69. Wherefore, Plaintiff requests relief as set forth below.


**FOURTH CAUSE OF ACTION**
**Breach of Contract**
**(Against Defendant, BETTER MORTGAGE CORPORATION)**

70. Plaintiff hereby incorporates by reference the foregoing paragraphs, as though fully set

forth herein.

71. Plaintiff entered in an oral contract with Defendants that they would not allow

employees, in this case plaintiff, to work in an environment that discriminated against

him on the basis of age, race, sex, religion, disability, *etc*. The existence of the

employment contract was evidenced by the companies promises contained in BETTER

MORTGAGE CORPORATION's personnel handbook.

72. Plaintiff has at all times performed the terms of the contract which in essence required

that he provide his labor in return for the promise that he would be free from harassment.

73. Plaintiff was employed by Defendant from 2021, consistently and received positive

feedback.

74. The terms of the employment contract included, but were not limited to, the following:

Defendant would not demote, discharge, or cause Plaintiff to lose any of his benefits

without good cause and fair warning, based on objective reasonable job evaluations of

Plaintiff.

75. Plaintiff at all times fulfilled his duties and conditions under the contract and has been

ready, willing, and able to continue performing them in a competent and satisfactory

manner.

76. Notwithstanding the implied promise to not violate the law, Defendant violated the law because Plaintiff, a senior employee, was harassed because of his race, whereas his employee counterparts were allowed to perform substantially equal work in the same establishment and under different non-discriminatory working conditions.

77. Substantially equal work does not require identical job titles; rather it is interpreted as work requiring substantially equal levels of skill, effort, and responsibility.

78. Defendant's failure and refusal to perform its obligation under the contract has damaged Plaintiff in the following manner: he was deprived of the benefit of his bargain.

79. As a proximate result of Defendant's breach of the employment contract, Plaintiff has suffered and continues to suffer losses in earnings and other employment benefits, to his damage in an amount to be established at trial.

80. Wherefore, Plaintiff requests relief as set forth below.

**FIFTH CAUSE OF ACTION**
**<u>Breach of Implied Covenant of Good Faith and Fair Dealing</u>**
**(Against Defendant, BETTER MORTGAGE CORPORATION)**

81. Plaintiff  hereby incorporates by reference the foregoing paragraphs, as though fully set forth herein.

82. Plaintiff and Defendants entered into an employment contract.

83. Plaintiff did all, or substantially all of the significant things that the contract required him to do as a director.

84. Plaintiff at all times fulfilled her duties and conditions under the contract and has been ready, willing, and able to continue performing them in a competent and satisfactory manner.

85. That all conditions required for Defendants' performance had occurred.

EDDIE ROOSEVELT CALLAHAN'S COMPLAINT FOR DAMAGES

86. That Defendants did not provide the safe working environment that Plaintiff claims prevented him from receiving the benefits that he was entitled to have received under the contract.

87. By doing so, Defendants did not act fairly and in good faith; and

88. As a proximate result of Defendants' breach of implied covenant, Plaintiff has suffered and continues to suffer losses in earnings and other employment benefits, to his damage in an amount to be established at trial.

89. The conduct of Defendants and of their agents and/or employees as described herein was malicious, and/or oppressive, and done with a willful and conscious disregard for Plaintiff's rights and for the deleterious consequences of Defendants' actions. Defendants and their agents and/or employees or supervisors authorized, condoned, and ratified the unlawful conduct against Plaintiff. Consequently, Plaintiff is entitled to punitive damages against Defendants.

90. Wherefore, Plaintiff requests relief as set forth below.

**SIXTH CAUSE OF ACTION**
**<u>Retaliation</u>**
**(Against Defendant, BETTER MORTGAGE CORPORATION)**

91. Plaintiff re-alleges and incorporates herein by reference all previous allegations set forth in this Complaint.

92. Plaintiff's harassment from his employment with Defendants was based upon Defendant's violation of the Public Policy of the State of California as put forward in the Fair Employment Housing Act, the California Constitution, and other statutes and provisions, specifically his national origin/Race (African American) and Age (Over 40) in violation of law.

EDDIE ROOSEVELT CALLAHAN'S COMPLAINT FOR DAMAGES

93. In violation of California Government Code § 12940 *et seq*. and Labor Code 1102.5, Defendants retaliated against plaintiff "for disclosing information … to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance."

94. Namely, after Plaintiff reported occurrences involving mistreatment of his colleagues by their supervisors in or around July 2021, Plaintiff was laid off on or about December 1, 2021.

95. Since then, Defendant has failed to pay Plaintiff his owed severance.

96. By reason of the conduct of Defendants and each of them as alleged herein, Plaintiff has necessarily retained attorneys to prosecute the within action. Plaintiff is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action. As a result of Defendants and each of their actions, Plaintiff sustained economic damages to be proven at trial. As a further result of defendants and each of their actions, Plaintiff suffered emotional distress, resulting in damages to be proven at trial.

97. As a proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer substantial monetary losses incurred and has suffered and continues to suffer emotional distress in an amount according to proof at the time of trial.

98. Defendants, and each of them, did the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intent to injure Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. The acts alleged herein were known to, authorized, and ratified by Defendants. Plaintiff is therefore entitled to recover punitive damages from Defendants and each of them, in an amount according to proof at the time of trial.

99. Wherefore, Plaintiff requests relief as set for the below.

EDDIE ROOSEVELT CALLAHAN'S COMPLAINT FOR DAMAGES

### SEVENTH CAUSE OF ACTION
### <u>Intentional Infliction of Emotional Distress</u>
### (Against Defendant, BETTER MORTGAGE CORPORATION)

100. Plaintiff re-alleges and incorporates herein by reference all previous allegations set forth in this Complaint.

101. From his date of hire until now, Plaintiff did not have any trouble performing his duties and responsibilities.

102. Plaintiff was subjected to a hostile work environment by being harassed, and after many complaints to management, nothing was done.

103. Defendants failed or refused to take reasonable action to prevent or promptly correct the problems despite repeated requests by Plaintiff.

104. Here, Plaintiff's claim for emotional and psychological damage, arising out of employment, is not barred where the distress is engendered by an employer's illegal discriminatory practices.

105. Courts have held that where claimant's cause of action for emotional distress relates to the same set of facts as alleged in the claim of discrimination.

106. The discrimination claims are based upon allegations of actions outside the normal part of Plaintiff's employment environment. Therefore, the claim for IIED is not barred by the exclusivity provisions of workers' compensation law.

107. In committing the acts described above, Defendants caused, or recklessly disregarded the probability of causing, severe emotional distress to Plaintiff. Plaintiff suffered insomnia, depression, could not eat, had to seek professional counseling and was ashamed.

108. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer losses and other employment benefits, to his damage in an amount to be established at trial.

109. Defendants' acts as described above renders it guilty of oppression, fraud, or malice. As a result, Plaintiff is entitled to an award of punitive damages.

110. Wherefore, Plaintiff request relief as set for the below.

**EIGHTH CAUSE OF ACTION**
**Wrongful Termination**
**(Against Defendant, BETTER MORTGAGE CORPORATION)**

111. Plaintiff re-alleges and incorporates herein by reference all previous allegations set forth in this Complaint.

112. Plaintiff was employed by Defendant, which is an "employer" under the California Fair Employment and Housing Act, Cal. Gov. Code section 12926, et seq.

113. A Tameny claim is a legal claim brought by an employee against their employer for wrongful termination in violation of public policy. This type of claim is based on the California Supreme Court's decision in *Tameny v. Atlantic Richfield Co.* (1980).

114. From his date of hire until now, Plaintiff did not have any trouble performing his duties and responsibilities.

115. Plaintiff was subjected to a hostile work environment by being harassed for years and after many complaints to management nothing was done.

116. On or about December 1, 2021, Mr. Callahan was laid off as Regional Director, Northwest.

117. Mr. Callahan believes he was terminated because he was a black man who spoke up for himself, his coworkers, and the people he managed.

118. Plaintiff's wrongful termination from his employment with Defendants was based upon Defendants' violation of the Public Policy of the State of California as put forward in the Fair Employment Housing Act, the California Constitution, and other statutes and provisions. Specifically, plaintiff was terminated in violation of Govt. Code section

12940(k), whereas BETTER MORTGAGE CORPORATION failed to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

119. The conduct of defendants and of their agents and/or employees as described herein was malicious, and/or oppressive, and done with a willful and conscious disregard for plaintiff's rights and for the deleterious consequences of defendants' actions. Defendants and their agents and/or employees or supervisors authorized, condoned, and ratified the unlawful conduct against Plaintiff. Consequently, Plaintiff is entitled to punitive damages against Defendants.

120. Wherefore, Plaintiff requests relief as set for the below.

**NINTH CAUSE OF ACTION**
**Unfair Business Practices**
**(Against Defendant, BETTER MORTGAGE CORPORATION)**

121. Plaintiff re-alleges and incorporates herein by reference all previous allegations set forth in this Complaint.

122. Plaintiff pursuant to the Bus. & Prof. Code §17204, brings this cause of action as a private attorney general on behalf of the general public.

123. Plaintiff was employed by Defendant, which is an "employer" under the California Fair Employment and Housing Act, Cal. Gov. Code section 12926, et seq.

124. "Unfair competition" is defined in Section 17200 of the Business & Prof. Code as encompassing any one of the following five types of business wrongs: (1) an "unlawful" business act or practice; (2) an "unfair" business act or practice; (3) a "fraudulent" business act or practice; (4) "unfair, deceptive, untrue or misleading advertising"; and (5) any act prohibited by Sections 17500-17577.5.  The definitions in Section 17200 are disjunctive. Each of these five "wrongs" operates independently from the others.

125. Section 17200 does not exempt specific industries, but applies to any person. The term person has been broadly defined as "all natural persons, corporations, firms, partnerships, joint stock companies, associations, and other organizations of persons."

126. In prosecuting this action of enforcement of important rights affecting the public interest, Plaintiff seeks to recover its attorneys' fees under § 1021.5 of the Code of Civil Procedure, and/or under the "common fund" doctrine available to a prevailing plaintiff who wins.

127. Defendant's violation of Plaintiff's Civil Rights because of his raise and explained above constituted a violation of law sufficient to trigger the protects of the Unfair Competition Statute. Defendant's discrimination was constituted an "unlawful" business act or practice and an "unfair" business act or practice within the meaning of §17200.

128. As a proximate result of Defendant's violations of California Civil Code Sections 51, 51.5, 52, Plaintiff is entitled to actual and statutory damages, attorney's fees and costs, and such other relief as the court determines is due.

## **RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant, BETTER MORTGAGE CORPORATION, RICH DUFF, and DOES 1 TO 50, as follows:

1. For compensatory damages according to proof, including lost earnings and other employee benefits, costs of seeking other employment, and damages for emotional distress, humiliation and mental anguish;

2. For punitive damages in an amount appropriate to punish defendant and deter others from engaging in similar misconduct;

3. For reasonable attorney's fees incurred by Plaintiff;

4.  For costs of suit incurred by Plaintiff; and any other remedies that the court deems appropriate.

DATED: April 11, 2023,                              VARLACK LEGAL SERVICES

                                        By: _____

                                             Tiega-Noel Varlack, Esq.

                                             Attorney for Plaintiff,

                                             EDDIE ROOSEVELT CALLAHAN



**DEMAND FOR JURY TRIAL**

**Plaintiff demands a Jury Trial**.



*CALLAHAN v.* BETTER MORTGAGE CORPORATION *et al.,*

**EXHIBIT A**

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Oakland Local Office**
1301 Clay Street, Suite 680-N
Oakland, CA 94612
(510) 956-0004
Website:  www.eeoc.gov

## <u>DISMISSAL AND NOTICE OF RIGHTS</u>
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 09/28/2022

**To:** Eddie Roosevelt Callahan

███████████████

Charge No: 555-2022-01411

EEOC Representative and email:    Thea Galli
Investigator
thea.galli@eeoc.gov

---

## DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

_____

Steven Hunt
Local Director

**Cc:**

Brandi Hooks
615 Griswold St Suite 709
Detroit, MI 48226


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 555-2022-01411 to the District Director at Nancy Sienko, 450 Golden Gate Avenue 5 West PO Box 36025

San Francisco, CA 94102.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue.  After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.



*CALLAHAN v.* **BETTER MORTGAGE CORPORATION** *et al.,*

**EXHIBIT B**

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

### PRE-CHARGE INQUIRY

| For Official Use Only - Inquiry Number: |
|---|

Thank you for contacting the U.S. Equal Employment Opportunity Commission ("EEOC"). The information you give us on this Pre-Charge Inquiry (Form 290A) will help us assist you and determine if your concerns are covered by the employment discrimination laws we enforce. Answer **all** questions completely and briefly. Please write clearly.

After completing this Pre-Charge Inquiry, **return it immediately** to the EEOC office identified in the cover letter to this Pre-Charge Inquiry, or to the receptionist if you are completing this Pre-Charge Inquiry in an EEOC office.

After completing this Pre-Charge Inquiry, you may mail, drop-off, or fax it to the EEOC office closest to you. Please refer to the list of EEOC offices on the webpage to find the closest office. Your answers on the Pre-Charge Inquiry will help us see if your concerns are covered by the laws we enforce

**Please note: This Pre-Charge Inquiry is not a Charge of Discrimination.**

The Pre-Charge Inquiry is **not intended** for use by applicants for federal jobs or employees of the US government. See http://www.eeoc.gov/federal/fed_employees/complaint_overview.cfm for discrimination complaints in federal jobs.

| | |
|---|---|
| **Personal Information** | First Name: Eddie Roosevelt    MI:    Last Name: Callahan<br><br>Home Phone (     )    Cell (718) 749-4701    Email: roosevelt.callahan@gmail.com<br><br>Address: ▮▮▮▮▮    Apt:<br><br>City: ▮▮▮▮    County: ▮▮▮▮    State: ▮▮    Zip Code ▮▮<br><br>What is the best way to reach you? Cell<br><br>What are the best days and times to reach you? Any day after 10am PT<br><br>Do you need language assistance? Yes ☐    No ☑<br>If so, what do you need?<br><br>Date of Birth: ▮▮▮▮    Sex:  Male ☑    Female ☐<br><br>General information about you that will allow us to serve all individuals better.<br><br>i. Are you Hispanic or Latino? Yes ☐    No ☑<br><br>ii. What is your race? Please choose all that apply: American Indian or Alaskan Native ☐    Asian ☐<br><br>Black or African American ☑    Native Hawaiian or Other Pacific Islander ☐    White ☐<br><br>iii. What is your National Origin or ancestry? |
| **Who do you think discriminated against you?** | Employer ☑    Union ☐    Employment Agency ☐    Other Organization ☐<br><br>Organization Name: Better Mortgage Company<br><br>Address: 3 World Trade Center    Suite #: 59th Floor<br><br>City: New York    County:    State: NY    Zip Code: 10007<br><br>Name of Human Resources Director or Owner: Kenna Myerhoff<br><br>Email:    Phone: (     )<br><br>How many employees (estimated) does the organization have at all locations?  Check one:<br>Less than 15 ☐    15-100 ☐    101-200 ☐    201-500 ☐    More than 500 ☑<br><br>Where you work(ed) or applied to work (if different from the organization address above):<br>Address: 2200 Broadway Ave    Suite: 2nd Floor<br><br>City: Oakland    County: CA    State:    Zip Code: 94601 |

**THIS PRE-CHARGE IS NOT A CHARGE OF DISCRIMINATION**

| | |
|---|---|
| **Why do you think you were discriminated against?** | I think I was discriminated against because of:<br><br>☑ Race - Your race:  Black _____<br>☐ Color - Your color: _____<br>☐ Religion - Your religion: _____<br>☐ Sex (including pregnancy, gender identity, or sexual orientation)<br>☐ National Origin - Your national origin: _____<br>☐ Age (40 or older) - Your age at the time of the adverse employment action: _____<br>☐ Disability - Check all that apply:<br>    ☐ I have a disability<br>    ☐ I had a disability in the past<br>    ☐ I don't have a disability but I am treated as if I have a disability<br>    ☐ I am closely related to or associated with a person with a disability<br>The disability involved: _____<br><br>Is your employer aware of your condition?  Yes ☐   No ☐<br><br>If yes, how? _____<br><br>☐ Genetic Information, my family medical history, or my participation in genetic services like counseling, education or testing<br>☑ Retaliation - Check all that apply:<br>    ☐ I filed a charge of job discrimination about any of the above<br>    ☐ I contacted a government agency to complain about job discrimination<br>    ☐ I complained to my employer about job discrimination<br>    ☑ I helped or was a witness in someone else's complaint about job discrimination<br>    ☐ I requested an accommodation for my disability or religion<br>☐ None of the above - The reason for this inquiry: _____ |
| **What happened to you that you think was discriminatory and when did it happen?** | EXAMPLES:  I was denied an accommodation I needed to perform my job; I was fired because I was pregnant; I was laid off because of my age.  State the dates the action happened.<br><br>Date: 12/1/2021 _____   Action: I was laid off because I was a black male who stood up for what was right for myself, my colleagues and the people I managed<br>Date: _____   Action: _____<br>_____<br><br>Name of Person(s) Responsible:  Kenna Meyerhoff, Rich Duff, Alex D'amico |
| **What reason(s) were you given for this job action?** | Reason(s): _____<br><br>Who told you this? _____    His/Her Job Title: _____ |

**THIS PRE-CHARGE IS NOT A CHARGE OF DISCRIMINATION**

| What is your job, previous job, or the job you applied for? | Date Hired: 02/16/2021 | Job Title at Hire: Head of Oakland Office |
| | Annual Pay Rate When Hired: $205,000 | Last or Current Annual Pay Rate: $215,000 |
| | Job Title at Time of Alleged Discrimination: Regional Director, Northwest | |
| | Date Your Employment Ended: 12/1/2021 | Select One:  Quit ☐   Discharged/Laid off ☐ |
| | Name and Title of your Immediate Supervisor: Rich Duff | |
| | Job Applicants - What was the title of the job you applied for: _____ | |
| | Date you applied: _____ | Date you found out you were not hired: _____ |

**Was another person in the same or similar situation treated the same, better, or worse than you? EXAMPLES: Who else applied for the same job? Who else had the same attendance record? Who else had the same performance appraisal?**

| Who was treated BETTER than you? | 1. Name: Dicey Perinne | Job Title: Regional Director, Southwest |
| | Email: _____ | Check how they are different from you: |
| | Race ☐   Color ☑   Religion ☐   Sex ☑   National Origin ☐   Age ☐   Disability ☐ | |
| | How were they treated better? She was able to keep her job through the layoffs and was asked to take on work that was originally given to me. | Date: _____ |
| | 2. Name: Kerry Donnelly | Job Title: Workplace Manager / Regional Directo |
| | Email: _____ | Check how they are different from you: |
| | Race ☑   Color ☑   Religion ☐   Sex ☑   National Origin ☐   Age ☑   Disability ☐ | |
| | How were they treated better? They were significantly more junior in terms of age and expererince but continued to receive preferential treatment from our supervisors | Date: _____ |

| Who was treated WORSE than you? | Name: _____ | Job Title: _____ |
| | Email: _____ | Check how they are different from you: |
| | Race ☐   Color ☐   Religion ☐   Sex ☐   National Origin ☐   Age ☐   Disability ☐ | |
| | How were they treated worse? _____ | Date: _____ |

| Who was treated the SAME as you? | Name: _____ | Job Title: _____ |
| | Email: _____ | Check how they are different from you: |
| | Race ☐   Color ☐   Religion ☐   Sex ☐   National Origin ☐   Age ☐   Disability ☐ | |
| | How were they treated the same? _____ | Date: _____ |

| Are there any witnesses to any of the job actions taken against you? If yes, please provide their contact information and tell us what they will say. | 1. Name: Marquis Stevenson | Job Title: Workplace Manager |
| | Email: _____ | Phone: (___) _____ |
| | What will they tell us? He witnessed me being targeed and treated unfairly. | |
| | 2. Name: Dicey Perinne | Job Title: Regional Director, Southwest |
| | Email: _____ | Phone: (___) _____ |
| | What will they tell us? They witnessed how I was treated and the unfair pressure I experienced from our supervisor | |

**THIS PRE-CHARGE IS NOT A CHARGE OF DISCRIMINATION**

| Have you already filed a charge on this matter with the EEOC? | Yes ☐   No ☒ <br> If yes:  Date you filed: _____   Charge Number: _____ |
|---|---|
| Have you filed a complaint on this matter with another agency? | Yes ☐   No ☒ <br> If yes:  Agency Name: _____ <br> Date you filed: _____   Complaint Number: _____ |
| Do you have someone representing you in this matter? | Yes ☒   No ☐ <br> If yes:  Attorney ☒   Union ☐   Other ☐ <br> Name: Carla Aikens   Date of contact: _____ <br> Email: _____   Phone: _____ |
| Who can we contact if we are unable to reach you? | Name: Inger Callahan   Relationship: Sister <br> Address: ████████   City: ████   State: ██   Zip Code: ████ <br> Email: _____   Home Phone ( 718 ) 409-3160   Cell ( 646 ) 286-9883 |
| Privacy Act Statement | This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are: 1) EEOC PRE-CHARGE INQUIRY, FORM 290A, ISSUED OCTOBER 2017. 2) AUTHORITY. 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626. 42 U.S.C. §12117(a). 3) PRINCIPAL PURPOSE. The purpose of this form is to solicit information about claims of employment discrimination, determine whether the EEOC has jurisdiction over those claims, and provide charge counseling, if appropriate. 4) ROUTINE USES. EEOC may disclose information from this form to other state, local and federal agencies as appropriate or necessary to carry out the Commission's functions, or if EEOC becomes aware of a civil or criminal law violation. EEOC may also disclose information to respondents in litigation, to congressional offices in response to inquiries from parties to the charge, to disciplinary committees investigating complaints against attorneys representing the parties to the charge, or to federal agencies inquiring about hiring or security clearance matters. 5) WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. Providing this information is voluntary but the failure to do so may hamper the Commission's assessment of your situation. It is not mandatory that this form be used to provide the requested information. EEOC Pre-Charge Inquiry, Form 290A, issued October 2017. |

Please note: You must file a charge of job discrimination within 180 days from the day you knew about the discrimination, or within 300 days from the day you knew about the discrimination if the employer is located where a state or local government agency enforces job discrimination laws on the same basis as the EEOC's laws. **This Pre-Charge Inquiry is not a charge.** *If you would like to file a charge of discrimination immediately, contact the EEOC office closest to you. A list of our offices is on our webpage.* We recommend that you keep a copy of your completed Pre-Charge Inquiry and the Cover Letter for your records.

Print Form

**THIS PRE-CHARGE IS NOT A CHARGE OF DISCRIMINATION**

# EXHIBIT C

1   Ryan L. Eddings, Bar No. 256519
    reddings@littler.com
2   Willie J. Mincey, Bar No. 314754
    wmincey@littler.com
3   LITTLER MENDELSON, P.C.
    5200 North Palm Avenue
4   Suite 302
    Fresno, California  93704.2225
5   Telephone:     559.244.7500
    Fax No.:        559.244.7525
6
    Attorneys for Defendant
7   BETTER HOLDCO, INC., erroneously sued herein as
    BETTER MORTGAGE CORPORATION
8

9                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                              COUNTY OF ALAMEDA

11

12   EDDIE ROOSEVELT CALLAHAN,                    Case No.  23CV030974

13              Plaintiff,                        **DEFENDANT'S GENERAL DENIAL
                                                  AND AFFIRMATIVE DEFENSES TO
14        v.                                      PLAINTIFF'S COMPLAINT**

15   BETTER MORTGAGE CORPORATION,                 ASSIGNED FOR ALL PURPOSES TO
     RICH DUFF, and DOES 1 through 50,            JUDGE DENNIS HAYASHI
16
                Defendants.
17                                                Trial Date: TBD
                                                  Complaint Filed:   April 11, 2023
18

19         Defendant BETTER HOLDCO, INC. erroneously sued herein as BETTER

20   MORTGAGE CORPORATION ("Defendant"), answering the Complaint of Plaintiff EDDIE

21   ROOSEVELT CALLAHAN, an individual ("Plaintiff"), for itself alone and for no other

22   Defendants, hereby answers Plaintiff's unverified Complaint (the "Complaint") as follows:

23                              **<u>GENERAL DENIAL</u>**

24         Pursuant to the provisions of the California Code of Civil Procedure section

25   431.30(d), Defendant denies generally and specifically each and every allegation contained in the

26   Complaint. In addition, Defendant denies that Plaintiff has sustained, or will sustain, any loss or

27   damage in the manner or amount alleged, or otherwise, by reason of any act or omission, or any

28   other conduct or absence thereof on the part of Defendant.

LITTLER MENDELSON,
P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

1

### AFFIRMATIVE DEFENSES

2

Without waiving or excusing the burden of proof of Plaintiff or admitting that

3

Defendant has any burden of proof or persuasion, and incorporating herein by reference each and

4

every allegation made in the General Denial, Defendant asserts the following affirmative defenses:

5

### FIRST AFFIRMATIVE DEFENSE

6

1.      As a separate and distinct affirmative defense, Defendant alleges that the

7

Complaint and each cause of action set forth therein fail to state a claim against Defendant upon

8

which relief can be granted, which includes, *inter alia*, recovery of costs of suit and attorneys' fees,

9

penalties, compensatory damages, punitive damages, and special and incidental damages.

10

### SECOND AFFIRMATIVE DEFENSE

11

2.      As a separate and distinct affirmative defense, Defendant alleges that the

12

Complaint and each cause of action set forth therein are barred by the equitable doctrines of unclean

13

hands, waiver, estoppel, laches, and consent.

14

### THIRD AFFIRMATIVE DEFENSE

15

3.      As a separate and distinct affirmative defense, Defendant alleges that the

16

Complaint and each cause of action set forth therein cannot be maintained against Defendant

17

because after-acquired evidence bars any remedy or certain remedies in this action.

18

### FOURTH AFFIRMATIVE DEFENSE

19

4.      As a separate and distinct affirmative defense, Defendant alleges that the

20

Complaint and each cause of action set forth therein cannot be maintained against Defendant

21

because, to the extent that Plaintiff may be entitled to any recovery, any recovery must be reduced

22

by reason of Plaintiff's failure to mitigate his damages, if any. Plaintiff's recovery from Defendant,

23

if any, must be denied or reduced to the extent that Plaintiff failed to mitigate his damages,

24

including, but not limited to, his failure to make reasonable efforts to seek and retain subsequent

25

employment substantially similar to his employment with Defendant after the conclusion of his

26

employment with Defendant.

27

### FIFTH AFFIRMATIVE DEFENSE

28

5.      As a separate and distinct affirmative defense, Defendant alleges that the

LITTLER MENDELSON,
P.C.
Attorneys at Law
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

2

DEFENDANT'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

1  Complaint and each cause of action set forth therein cannot be maintained against Defendant

2  because Plaintiff's claims are barred by the applicable statutes of limitations, including but not

3  limited to those set forth in California Government Code sections 12960 and 12965, California

4  Code of Civil Procedure sections 335.1, 338(a) and 339(l), and California Business and Professions

5  Code section 17208.

6  **SIXTH AFFIRMATIVE DEFENSE**

7  6.      As a separate and distinct affirmative defense, Defendant alleges that the

8  Complaint and each cause of action set forth therein cannot be maintained against Defendant

9  because Plaintiff failed to properly exhaust Plaintiff's administrative remedies, the exhaustion of

10  which is a condition precedent to the maintenance of Plaintiff's causes of action.

11  **SEVENTH AFFIRMATIVE DEFENSE**

12  7.      As a separate and distinct affirmative defense, Defendant alleges that the

13  Complaint and each cause of action set forth therein are barred in whole or in part to the extent that

14  they exceed the scope of the charges made by Plaintiff before the California Department of Fair

15  Employment and Housing and/or the Equal Employment Opportunity Commission.

16  **EIGHTH AFFIRMATIVE DEFENSE**

17  8.      As a separate and distinct affirmative defense, Defendant alleges that the

18  Complaint and each cause of action set forth therein cannot be maintained because, without

19  admitting that it engaged in any of the acts alleged, Defendant alleges that any conduct and/or

20  statements and/or omissions attributed to Defendant by Plaintiff were justified, were taken in good

21  faith as a result of business necessity, for lawful, legitimate, non-discriminatory, and non-retaliatory

22  reasons without malice, oppression, or fraud, and/or based on the relevant facts and circumstances

23  known to Defendant at the time it acted.

24  **NINTH AFFIRMATIVE DEFENSE**

25  9.      As a separate and distinct affirmative defense, Defendant alleges that

26  Plaintiff is not entitled to recover any punitive damages because such damages are so punitive in

27  purpose and effect as to constitute a criminal penalty, entitling Defendant to rights to be given to

28  Defendant in criminal proceedings under the United States Constitution and the California

LITTLER MENDELSON,
P.C.
Attorneys at Law
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

3

DEFENDANT'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Constitution.  All procedures and application of California and federal law in this action which deny Defendant such rights including, but not limited to, a burden of proof beyond a reasonable doubt, a unanimous jury and the right against self-incrimination, violate Defendant's rights under such Constitutional provisions.

### TENTH AFFIRMATIVE DEFENSE

10. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is not entitled to recover any punitive damages because the provisions of California law allowing for the award of punitive damages and the substantive rules, procedures and standards for determining whether or not to award them and, if so, in what amount, violate Defendant's right to due process and/or equal protection under the law, under the United States and/or California Constitutions.

### ELEVENTH AFFIRMATIVE DEFENSE

11. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's exclusive remedy for any alleged physical, mental and/or emotional injuries, including claims for emotional distress injury, to the extent such injuries are alleged to have arisen out of the parties' employment relationship, is under California Workers' Compensation Act, Labor Code section 3600, *et seq*., and this Court is divested of jurisdiction inasmuch as an employer/employee relationship existed subject to workers' compensation coverage, Defendant is informed, and so believes, that Defendant provided workers' compensation insurance at no cost to Plaintiff, and Plaintiff's conduct was within the course and scope of his employment, and the alleged injury, if any injury exists, was proximately caused by the employment.

### TWELFTH AFFIRMATIVE DEFENSE

12. As a separate and distinct affirmative defense, Defendant is informed and believes and on that ground alleges that Plaintiff's Complaint and damages, if any, are barred either in whole or in part by the doctrine of avoidable consequences.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. As a separate and distinct affirmative defense, Defendant alleges that any unlawful or wrongful acts, if any, taken by Defendant's officers, directors, managing agents, and/or

LITTLER MENDELSON, P.C.
Attorneys at Law
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

4

DEFENDANT'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

1    employees were outside the course and scope of their employment and authority, and such acts, if

2    any, were not authorized, ratified, or condoned by Defendant, and Defendant did not know and/or

3    should not have known of such conduct.

4                                  **FOURTEENTH AFFIRMATIVE DEFENSE**

5               14.     As a separate and distinct affirmative defense, Defendant alleges that the

6    Complaint and each cause of action set forth therein cannot be maintained against Defendant

7    because Defendant: (a) maintained an anti-discrimination policy and/or open door policies with a

8    Complaint procedure; and, (b) Plaintiff unreasonably failed to take advantage of any preventative

9    or corrective opportunities provided by the employer or to avoid harm otherwise.

10                                   **FIFTEENTH AFFIRMATIVE DEFENSE**

11               15.     As a separate and distinct affirmative defense, Defendant alleges that any

12    award to Plaintiff must be offset by all sums received by Plaintiff from any source, including, but

13    not limited to, unemployment insurance, private insurance, state disability insurance, Social

14    Security disability payments, workers' compensation payments, pension benefits, and any sums

15    earned by Plaintiff in other employment.

16                                   **SIXTEENTH AFFIRMATIVE DEFENSE**

17               16.     As a separate and distinct affirmative defense, Defendant alleges that any

18    recovery to which Plaintiff might other be entitled must be denied or reduced by reason of

19    Plaintiff's contributory or comparative negligence and/or intentional conduct, because Plaintiff

20    failed to exercise reasonable and ordinary care, caution or prudence in order to avoid the alleged

21    incidents, and the alleged injuries and damages, if any, were proximately caused and/or contributed

22    to by Plaintiff's own negligence and/or intentional conduct.  Defendant further alleges that if

23    Plaintiff suffered any emotional distress (which Defendant denies), Plaintiff contributed to his own

24    emotional distress, and by reason of his contribution, any remedy to which he might otherwise be

25    entitled, must be denied or reduced.

26                                **SEVENTEENTH AFFIRMATIVE DEFENSE**

27               17.     As a separate and distinct affirmative defense, Defendant alleges that any

28    employment practice maintained by Defendant, to the extent such practice may have impacted

LITTLER MENDELSON,
P.C.
Attorneys at Law
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

5

DEFENDANT'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Plaintiff with respect to any alleged protected status under the Fair Employment and Housing Act, is justified either as a bona fide occupational qualification, by business necessity (including undue hardship), by job relatedness, by security regulations, by non-discrimination or affirmative action plans and/or by requirement of law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred, in whole or in part, because the alleged damages or losses sustained by Plaintiff, if any, resulted from causes other than any act or omission on the part of Defendant, including but not limited to negligence and/or intentional conduct of third parties.

### NINETEENTH AFFIRMATIVE DEFENSE

19.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint, and each and every cause of action contained therein, are barred in whole or in part because, even assuming, *arguendo*, that Defendant acted in part based on impermissible bias, which Defendant denies Defendant would have taken the same action regardless of the alleged unlawful bias, if any.

/ / /

### TWENTIETH AFFIRMATIVE DEFENSE

20.     As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiff's claims are barred by his own breach of the duties owed to Defendant under all applicable state and federal laws, including, but not limited to, California Labor Code sections 2854, 2856, 2858, and/or 2859.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained against Defendant because Defendant's alleged act(s) or omission(s) alleged in the Complaint were protected by the managerial privilege as all actions taken with respect to Plaintiff's employment were undertaken

LITTLER MENDELSON,
P.C.
Attorneys at Law
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

6

DEFENDANT'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

1   and exercised with proper managerial discretion in good faith, and for legitimate, lawful reasons.

2   <u>**TWENTY-SECOND AFFIRMATIVE DEFENSE**</u>

3         22.    As a separate and distinct affirmative defense, Defendant alleges that the

4   Complaint and each cause of action set forth therein are barred, in whole or in part, because at all

5   relevant times, (a) Defendant acted in good faith and exercised reasonable care to prevent and

6   promptly correct any discriminatory, retaliatory, or otherwise unlawful behavior (which Defendant

7   denies occurred), including but not limited to promulgating anti-discrimination, anti-retaliation

8   and/or open-door policies with an internal grievance and/or complaint procedure, which were

9   communicated to Plaintiff; (b) Plaintiff unreasonably failed to take advantage of the established

10  internal grievance and/or complaint procedure and any preventive or corrective opportunities

11  provided to him by the employer or to otherwise avoid harm; and, (c) Plaintiff's reasonable use of

12  procedures as required by the above-referenced employment policies would have prevented at least

13  some, if not all, of the purported harm that Plaintiff allegedly suffered.

14  <u>**TWENTY-THIRD AFFIRMATIVE DEFENSE**</u>

15        23.    As a separate and distinct affirmative defense, Defendant alleges that

16  Plaintiff is precluded from recovering punitive damages from Defendant, because (a) any actions,

17  conducts, statements, or omissions alleged in the Complaint were not taken with advance

18  knowledge, conscious disregard, authorization, or ratification of malice, oppression, or fraud on the

19  part of Defendant or any officer, director, or managing agent thereof; (b) Defendant's good faith

20  efforts to prevent discrimination, retaliation, and otherwise unlawful behavior bars any award of

21  punitive damages; and, (c) the Complaint and each cause of action set forth therein fail to plead

22  facts sufficient to support the recovery of punitive damages under the applicable provisions of

23  California Civil Code section 3294(b), or such other statutes of similar effect that may be

24  applicable.

25  <u>**RESERVATION OF ADDITIONAL DEFENSES**</u>

26        Defendant alleges that because Plaintiff's Complaint is couched in conclusory

27  terms, all affirmative defenses that may be applicable cannot be fully anticipated at this time.

28  Accordingly, the right to assert additional affirmative defenses, if and to the extent that such

LITTLER MENDELSON,
P.C.
Attorneys at Law
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

7

DEFENDANT'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

affirmative defenses are applicable, is hereby reserved. Additionally, Defendant reserves the right to amend this Answer should Defendant later discover facts demonstrating the existence of new and/or additional affirmative defenses, and/or should a change in the law support the inclusion of new and/or additional affirmative defenses.

## JURY DEMAND

Defendant requests trial by jury on all causes of action triable to a jury.

## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff takes nothing by the way of the Complaint on file herein;

2.    That judgement be awarded in favor of Defendant;

3.    That Plaintiff's Complaint be dismissed with prejudice in its entirety as to Defendant;

4.    That Defendant be awarded all costs of suit incurred by it in this action;

5.    That Defendant be awarded Defendant's reasonable attorneys' fees; and

6.    For such other and further relief as the Court may deem just and proper.

Dated: May 12, 2023

LITTLER MENDELSON, P.C.

Ryan L. Eddings
Willie J. Mincey

Attorneys for Defendant
BETTER HOLDCO, INC., erroneously sued herein as BETTER MORTGAGE CORPORATION

4879-4567-3313.1 / 999999-3014

LITTLER MENDELSON,
P.C.
Attorneys at Law
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

8
DEFENDANT'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

1

## **PROOF OF SERVICE**

2          I am a resident of the State of California, over the age of eighteen years, and not a

3  party to the within action. My business address is 5200 North Palm Avenue, Suite 302, Fresno,

4  California  93704.2225. On May 12, 2023, I served the within document(s):

5  **DEFENDANT'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES TO
   PLAINTIFF'S COMPLAINT**

6

7  ☐    by facsimile transmission at or about _____ on that date. This document was
        transmitted by using a facsimile machine that complies with California Rules of
8       Court Rule 2003(3), telephone number . The transmission was reported as complete
        and without error. A copy of the transmission report, properly issued by the
9       transmitting machine, is attached. The names and facsimile numbers of the person(s)
        served are as set forth below.
10

11 ☐    by placing a true copy of the document(s) listed above for collection and mailing
        following the firm's ordinary business practice in a sealed envelope with postage
        thereon fully prepaid for deposit in the United States mail at Fresno, California
12      addressed as set forth below.

13 ☐    by depositing a true copy of the same enclosed in a sealed envelope, with delivery
        fees provided for, in an overnight delivery service pick up box or office designated
14      for overnight delivery, and addressed as set forth below.

15 ☐    by personally delivering the document(s) listed above to the person(s) at the
        address(es) set forth below.
16

17 ☒    Based on a court order or an agreement of the parties to accept service by e-mail or
        electronic transmission, I caused the documents to be sent to the persons at the e-
18      mail addresses on the attached service list on the dates and at the times stated thereon.
        I did not receive, within a reasonable time after the transmission, any electronic
19      message or other indication that the transmission was unsuccessful. The electronic
        notification address of the person making the service is eherrera@littler.com.
20

21    Tiega-Noel Varlack            Telephone:   (510) 397-2008
      VARLACK LEGAL SERVICES        Facsimile:   (510) 397-2997
22    1290 B Street, Suite 208      Email:       tiega@varlacklegal.com
      Hayward, CA 94541
23

24    Attorney for Plaintiff
      EDDIE ROOSELVELT CALLAHAN
25

26

27          I am readily familiar with the firm's practice of collection and processing

28  correspondence for mailing and for shipping via overnight delivery service.  Under that practice it

LITTLER MENDELSON,
P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

PROOF OF SERVICE

would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  Executed on May 12, 2023, at Fresno, California.

*/s/ Erendira Herrera*
Erendira Herrera

4874-1155-5681.1 / 999999-3014

LITTLER MENDELSON,
P.C.
Attorneys at Law
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

2                    PROOF OF SERVICE

# EXHIBIT D

1   Ryan L. Eddings, Bar No. 256519
    reddings@littler.com
2   Willie J. Mincey, Bar No. 314754
    wmincey@littler.com
3   LITTLER MENDELSON, P.C.
    5200 North Palm Avenue
4   Suite 302
    Fresno, California  93704.2225
5   Telephone:    559.244.7500
    Fax No.:       559.244.7525
6
    Attorneys for Defendant
7   BETTER HOLDCO, INC., erroneously sued herein as
    BETTER MORTGAGE CORPORATION
8

9                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                            COUNTY OF ALAMEDA

11

12  EDDIE ROOSEVELT CALLAHAN,            |  Case No.  23CV030974

13              Plaintiff,               |  **NOTICE TO PLAINTIFF OF
                                         |  DEFENDANT'S REMOVAL OF CIVIL
14        v.                             |  ACTION TO FEDERAL COURT**

15  BETTER MORTGAGE CORPORATION,         |  ASSIGNED FOR ALL PURPOSES TO
    RICH DUFF, and DOES 1 through 50,    |  JUDGE DENNIS HAYASHI
16
              Defendants.                |
17                                       |  Trial Date: TBD
                                         |  Complaint Filed:   April 11, 2023
18

19        **TO    PLAINTIFF    EDDIE    ROOSEVELT    CALLAHAN    AND    HIS**

20  **ATTORNEYS OF RECORD:**

21             PLEASE TAKE NOTICE that, on May 15, 2023, Defendant BETTER HOLDCO,

22  INC., erroneously sued herein as BETTER MORTGAGE CORPORATION ("Defendant") filed in

23  the United States District Court for the Northern District of California, its Notice of Removal of

24  Civil Action pursuant to 28 U.S.C. sections 1332, 1441, and 1446.  A copy of Defendant's Notice

25  of Removal of this action filed in the United States District Court for the Northern District of

26  California and its accompanying exhibits are attached hereto as **Exhibit 1** and incorporated herein

27  by reference.

28  / / /

LITTLER MENDELSON,
P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

NOTICE TO PLAINTIFF OF DEFENDANT'S REMOVAL OF ACTION TO FEDERAL COURT

1    Dated: May 15, 2023

2

3                          LITTLER MENDELSON, P.C.

4                          Ryan L. Eddings

5                          Willie J. Mincey

6                          Attorneys for Defendant
                               BETTER HOLDCO, INC., erroneously sued

7                          herein as BETTER MORTGAGE
                               CORPORATION

8    4887-7260-0162.1 / -

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON,
P.C.
Attorneys at Law
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

2

NOTICE TO PLAINTIFF OF DEFENDANT'S REMOVAL OF ACTION TO FEDERAL COURT

# EXHIBITS HERETO EXCERPTED TO AVOID FILING OF DUPLICATIVE PAPERS

1

## PROOF OF SERVICE

2        I am a resident of the State of California, over the age of eighteen years, and not a

3   party to the within action. My business address is 5200 North Palm Avenue, Suite 302, Fresno,

4   California  93704.2225. On May 15, 2023, I served the within document(s):

5   **NOTICE TO PLAINTIFF OF DEFENDANT'S REMOVAL OF CIVIL ACTION TO
6   FEDERAL COURT**

7       ☐   by facsimile transmission at or about _____ on that date. This document was
8           transmitted by using a facsimile machine that complies with California Rules of
            Court Rule 2003(3), telephone number . The transmission was reported as complete
9           and without error. A copy of the transmission report, properly issued by the
            transmitting machine, is attached. The names and facsimile numbers of the person(s)
10          served are as set forth below.

11      ☐   by placing a true copy of the document(s) listed above for collection and mailing
            following the firm's ordinary business practice in a sealed envelope with postage
            thereon fully prepaid for deposit in the United States mail at Fresno, California
12          addressed as set forth below.

13      ☐   by depositing a true copy of the same enclosed in a sealed envelope, with delivery
            fees provided for, in an overnight delivery service pick up box or office designated
14          for overnight delivery, and addressed as set forth below.

15      ☐   by personally delivering the document(s) listed above to the person(s) at the
16          address(es) set forth below.

17      ☒   Based on a court order or an agreement of the parties to accept service by e-mail or
            electronic transmission, I caused the documents to be sent to the persons at the e-
18          mail addresses on the attached service list on the dates and at the times stated thereon.
            I did not receive, within a reasonable time after the transmission, any electronic
19          message or other indication that the transmission was unsuccessful. The electronic
            notification address of the person making the service is eherrera@littler.com.

20

21   Tiega-Noel Varlack                    Telephone:   (510) 397-2008
     VARLACK LEGAL SERVICES                Facsimile:   (510) 397-2997
22   1290 B Street, Suite 208              Email:       tiega@varlacklegal.com
     Hayward, CA 94541

23
24   Attorney for Plaintiff
     EDDIE ROOSELVELT CALLAHAN

25

26

27       I am readily familiar with the firm's practice of collection and processing

28   correspondence for mailing and for shipping via overnight delivery service.  Under that practice it

LITTLER MENDELSON,
P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

PROOF OF SERVICE

would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  Executed on May 15, 2023, at Fresno, California.

*/s/ Erendira Herrera*
Erendira Herrera

4874-1155-5681.1 / 999999-3014

LITTLER MENDELSON,
P.C.
Attorneys at Law
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

2                                    PROOF OF SERVICE

# EXHIBIT E

1   Ryan L. Eddings, Bar No. 256519
    reddings@littler.com
2   Willie J. Mincey, Bar No. 314754
    wmincey@littler.com
3   LITTLER MENDELSON, P.C.
    5200 North Palm Avenue
4   Suite 302
    Fresno, California  93704.2225
5   Telephone:     559.244.7500
    Fax No.:        559.244.7525
6
    Attorneys for Defendant
7   BETTER HOLDCO, INC., erroneously sued herein as
    BETTER MORTGAGE CORPORATION
8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                        COUNTY OF ALAMEDA

11

12  EDDIE ROOSEVELT CALLAHAN,            Case No.  23CV030974

13              Plaintiff,               **NOTICE TO STATE COURT OF
                                         REMOVAL OF ACTION TO FEDERAL
14       v.                              COURT**

15  BETTER MORTGAGE CORPORATION,         ASSIGNED FOR ALL PURPOSES TO
    RICH DUFF, and DOES 1 through 50,    JUDGE DENNIS HAYASHI
16
                Defendants.
17                                       Trial Date: TBD
                                         Complaint Filed:   April 11, 2023
18

19       **TO  THE  CLERK  OF  THE  SUPERIOR  COURT  OF  CALIFORNIA,**

20  **COUNTY OF ALAMEDA:**

21       PLEASE TAKE NOTICE that, on May 15, 2023, Defendant BETTER HOLDCO,

22  INC., erroneously sued herein as BETTER MORTGAGE CORPORATION ("Defendant") filed in

23  the United States District Court for the Northern District of California, its Notice of Removal of

24  Civil Action pursuant to 28 U.S.C. sections 1332, 1441, and 1446.  A copy of Defendant's Notice

25  of Removal of this action filed in the United States District Court for the Northern District of

26  California and its accompanying exhibits are attached hereto as **Exhibit 1** and incorporated herein

27  by reference.

28  / / /

LITTLER MENDELSON,
P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

NOTICE TO STATE COURT OF DEFENDANT'S REMOVAL OF ACTION TO FEDERAL COURT

1    PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(d), the

2    filing of a Notice of Removal in the United States District Court, together with the filing of a copy

3    of a Notice of Filing Notice of Removal with this Court, effects the removal of this action, and this

4    Court may proceed no further unless and until the case is remanded.

5    Dated: May 15, 2023

6                                    LITTLER MENDELSON, P.C.

7

8                                    Ryan L. Eddings
                                     Willie J. Mincey
9

10                                   Attorneys for Defendant
                                     BETTER HOLDCO, INC., erroneously sued
11                                   herein as BETTER MORTGAGE
                                     CORPORATION

12   4866-0801-8273.1 / 999999-3014

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON,
P.C.
Attorneys at Law
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

2

NOTICE TO STATE COURT OF DEFENDANT'S REMOVAL OF ACTION TO FEDERAL COURT

# EXHIBITS HERETO EXCERPTED TO AVOID FILING OF DUPLICATIVE PAPERS

1

## PROOF OF SERVICE

2   I am a resident of the State of California, over the age of eighteen years, and not a

3 party to the within action. My business address is 5200 North Palm Avenue, Suite 302, Fresno,

4 California 93704.2225. On May 15, 2023, I served the within document(s):

5  **NOTICE TO STATE COURT OF REMOVAL OF ACTION TO FEDERAL COURT**

6

7  ☐  by facsimile transmission at or about _____ on that date. This document was
8     transmitted by using a facsimile machine that complies with California Rules of
     Court Rule 2003(3), telephone number . The transmission was reported as complete
     and without error. A copy of the transmission report, properly issued by the
9     transmitting machine, is attached. The names and facsimile numbers of the person(s)
     served are as set forth below.

10  ☐  by placing a true copy of the document(s) listed above for collection and mailing
     following the firm's ordinary business practice in a sealed envelope with postage
11     thereon fully prepaid for deposit in the United States mail at Fresno, California
     addressed as set forth below.
12

13  ☐  by depositing a true copy of the same enclosed in a sealed envelope, with delivery
     fees provided for, in an overnight delivery service pick up box or office designated
14     for overnight delivery, and addressed as set forth below.

15  ☐  by personally delivering the document(s) listed above to the person(s) at the
     address(es) set forth below.

16  ☒  Based on a court order or an agreement of the parties to accept service by e-mail or
     electronic transmission, I caused the documents to be sent to the persons at the e-
17     mail addresses on the attached service list on the dates and at the times stated thereon.
     I did not receive, within a reasonable time after the transmission, any electronic
18     message or other indication that the transmission was unsuccessful. The electronic
     notification address of the person making the service is eherrera@littler.com.
19

20  Tiega-Noel Varlack     Telephone: (510) 397-2008
  VARLACK LEGAL SERVICES  Facsimile: (510) 397-2997
21  1290 B Street, Suite 208    Email:  tiega@varlacklegal.com
22  Hayward, CA 94541

23  Attorney for Plaintiff
  EDDIE ROOSELVELT CALLAHAN
24

25

26   I am readily familiar with the firm's practice of collection and processing

27 correspondence for mailing and for shipping via overnight delivery service. Under that practice it

28 would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

LITTLER MENDELSON,
P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

PROOF OF SERVICE

1   deposited in an overnight delivery service pick-up box or office on the same day with postage or

2   fees thereon fully prepaid in the ordinary course of business.

3          I declare that I am employed in the office of a member of the bar of this court at

4   whose direction the service was made.  Executed on May 15, 2023, at Fresno, California.

5

6

7                              /s/ Erendira Herrera
                               Erendira Herrera

8

9   4874-1155-5681.1 / 999999-3014

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON,
P.C.
Attorneys at Law
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

2                    PROOF OF SERVICE